UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MAO HEM,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN OF IMMIGRATION DETENTION FACILITY AND RIO COSUMNES CORRECTIONAL CENTER,<br><br>  Respondent. | Case No. 16-cv-07359-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>[Re: ECF Nos. 1, 2, 3] |

## INTRODUCTION

Mao Hem has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his ongoing detention by the United States Immigration and Customs Enforcement ("ICE") at the Rio Cosumnes Correctional Center in Elk Grove, California. He consented to proceed before a magistrate judge. (ECF No. 5.)[1] Mr. Hem also has applied to proceed *in forma pauperis* and has requested that counsel be appointed to represent him in this action. This order requires the respondent to respond to the petition, grants the *in forma pauperis* application, and denies the request for counsel.

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

## STATEMENT

The petition provides the following information: Mr. Hem was born in Cambodia, admitted into the United States in 1983, and is not a citizen of the United States. On an unstated date, Mr. Hem was convicted of two counts of second degree murder. On or about March 28, 2016, Mr. Hem was detained by ICE and has remained in ICE custody since that date. On or about May 16, 2016, Mr. Hem was ordered removed from the United States; he did not appeal that decision. Mr. Hem received a "decision to continue detention" form from ICE on or about August 11, 2016, and a second such form on or about November 17, 2016. (ECF No. 1 at 4.) Mr. Hem "has cooperated with all of ICE's efforts to remove" him, but ICE has been unable to remove him and is unlikely to be able to remove him because "'the Royal Government of Cambodia wishes to amend the current Memorandum and its Addendum' until the implementation of a new amendment is completed. As a result, the process of deportation is suspended and a travel document is currently *not* pending." (ECF No.1 at 4 (error and emphasis in source).)

## ANALYSIS

**1. Habeas Petition**

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien whose native country will not accept him if he is removed. *Id.* at 687-88, 697-98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699-700.

Mr. Hem contends that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. Liberally construed, the petition states a cognizable claim for habeas relief under 28 U.S.C. § 2241 based on Mr. Hem's indefinite detention by ICE.

Mr. Hem names five persons as respondents, but only one is needed and only one is correct. There is generally only one proper respondent for a habeas petition under 28 U.S.C. § 2241, and that is the person "with the ability to produce the prisoner's body before the habeas court". *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The "longstanding practice" in habeas petitions

challenging present physical confinement is that the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" is the proper respondent. *Id.* Here, the respondent listed as "Warden of Immigration Detention Facility" is the proper respondent. The other respondents are dismissed.

**2. Request for Counsel**

Mr. Hem requests that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is required when there will be an evidentiary hearing. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The decision to appoint counsel otherwise generally is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. An evidentiary hearing does not appear necessary at this time; if one does become necessary later, the court will appoint counsel on its own motion. Mr. Hem's claims for federal habeas relief have been adequately presented. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel was within discretion of district court where petitioner adequately presented issues in petition and accompanying memorandum. The request for appointment of counsel is DENIED. (ECF No. 2.)

## CONCLUSION

1. The clerk shall serve a copy of this order, the petition and all attachments thereto, on the respondent (i.e., Warden of Immigration Detention Facility at Rio Cosumnes Correctional Center) and the respondent's attorney (i.e., the U.S. Department of Justice, Civil Division Office of Immigration Litigation in Washington, D.C.) The clerk shall also serve a copy of this order on the petitioner.

2. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney.

3

3. No later than **March 17, 2017**, the respondent must file and serve an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition. If the petitioner wishes to respond to the answer, he must file and serve a traverse no later than **April 14, 2017**.

4. In lieu of an answer, the respondent may file and serve a motion to dismiss on procedural grounds no later than **March 17, 2017**. If the respondent files such a motion, the petitioner must file and serve an opposition or statement of non-opposition to the motion no later than **April 14, 2017**. Respondent must file and serve his reply, if any, no later than **April 28, 2017**.

5. It is the petitioner's responsibility to prosecute this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. He also must serve on the respondent's counsel a copy of anything he files with the court by mailing a true copy of the document to the respondent's counsel.

6. The petitioner's motion for appointment of counsel is DENIED. (ECF No. 2.) The petitioner's *in forma pauperis* application is GRANTED. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: January 13, 2017

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAO HEM,<br><br>        Plaintiff,<br><br>    v.<br><br>TIMOTHY S. AITKEN, et al.,<br><br>        Defendants. | Case No. 16-cv-07359-LB<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on January 13, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mao Hem ID: X-5061554
KBF 500 #43
Rio Cosumnes Correctional Center
12500 Bruceville Rd.
Elk Grove, CA 95757

Dated: January 13, 2017

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Ada Means, Deputy Clerk to the
                                        Honorable LAUREL BEELER